ten dollars costs and disbursements. No opinion. All concurred.

William H. Morehouse, Respondent, v. Frank H. Morehouse, as Executor, and Others, Appellants.— Motion granted.

In the Matter of the Last Will and Testament of Sarah D. Wheeler, Deceased.— Order referred to in the notice of motion amended and filed with the clerk.

In the Matter of the Separate Applications of William F. Mathews and Others, for a Writ of Certiorari to Review the Action of George L. Clemons, as County Treasurer of Washington County. in Refusing to Issue a Liquor Tax Certificate — Order affirmed, with ten dollars costs and disbursements.

In the Matter of the Separate Applications of Charles M. De Graff and Others, for a Writ of Certiorari to Review the Action of George L. Clemons, as County Treasurer of Washington County, in Refusing to Issue a Liquor Tax Certificate.— Order affirmed, with ten dollars costs and disbursements.

Peter O'Clair v. Ledyard P. Hale, as Receiver, etc.— Motion denied.

The People of the State of New York ex rel. James W. Robertson, Respondent, v. The Board of Supervisors of Washington County, Appellant.— Motion to discontinue granted.

The People of the State of New York ex rel. William F. Ford, Appellant, v. George L. Gillette and Others, Assessors of the Town of Clifton Park, Saratoga County, N. Y., Respondents.— Order affirmed. No opinion. All concurred.

The People of the State of New York ex rel. William F. Ford, Appellant, v. George L. Gillette and Others, Assessors of the Town of Clifton Park, Saratoga County, N. Y., Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

William H. Van Gorder, Appellant, v. John Moore, Respondent.— Judgment affirmed, with costs. No opinion. All concurred, except Herrick, J., dissenting.

Mordecai M. Willson, Jr., Respondent, v. Mary S. Eveline, Appellant.— Order of the Special Term modified so as to provide as follows: If the defendant, within twenty days after

the due taxation of plaintiff's costs and notice thereof, shall pay the same, the motion is denied. If said costs shall not be so paid, the motion is granted. The order appealed from, as so modified, affirmed, without costs. No opinion. All concurred.

Loretta Wickes, Respondent, v. Thomas A. McManus, Appellant.— Judgment affirmed, with costs. No opinion. All concurred, except Herrick, J , dissenting.

Ruth Holmes, Appellant, v. Frank Jones, Respondent.— Judgment affirmed, with costs. No opinion. All concurred.

International Food Company, Appellant, v. Elizabeth Bickerd, Respondent.— Judgment affirmed, with costs. No opinion. All concurred.

Joseph Knapp, as Administrator, etc., of Truman Knapp, Deceased, Appellant, v. The Town of Palatine and The Town of Canajoharie, Respondents.— Judgment affirmed, with costs. No opinion. All concurred.

In the Matter of the Application for the Voluntary Dissolution of the Five Brothers Shoe Corporation. — Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

William H. Magilton, Respondent, v. The New York Central and Hudson River Railroad Company. Appellant.— Judgment and order affirmed, with costs. No opinion. All concurred, except Putnam, J., not sitting.

Asa B. Peake, Appellant, v. Nell W. Salmon, Respondent. — Judgment affirmed, with costs. No opinion. All concurred.

Catherine Shannon, as Administratrix, etc., of Joseph Shannon, Deceased, Appellant, v. The Canada Atlantic Railway Company, Respondent.— Judgment and order affirmed, with costs. No opinion. All concurred, except Putnam, J., dissenting.

James S. Waters, Respondent, v. Frances S. Johnson, Appellant. — Judgment affirmed, with costs. No opinion. All concurred.

Thomas Womack, Respondent, v. George R. Smith, as Sheriff of St. Lawrence County, Appellant.— Judgment affirmed, with costs. No opinion. All concurred, except Herrick, J., not voting.

---

FOURTH DEPARTMENT, JANUARY TERM, 1899.

Dan H. Davis, Respondent, v. John W. Gallagher and Kate M. Price, as Administrators, etc., of James L. Price, Deceased, Appellants. —Judgment affirmed, with costs.— Appeal from a judgment entered upon the report of a referee in favor of the plaintiff for $461.19 damages and $736.44 costs, in an action begun May 25, 1885. The first trial was before H. E. Nichols, Esq., referee, whose judgment was affirmed by the General Term (55 Hun, 593), and the judgment of affirmance was reversed by the Court of Appeals (124 N. Y. 487) on the ground of an erroneous ruling upon a question arising under section 829 of the Code of Civil Procedure. The original claim presented by the plaintiff against the administrators amounted to $2,085. The report of the referee now brought in review only allowed the plaintiff two items, to wit, for services from April, 1879, to March, 1882, at $20 per month; and, second, for twenty-two tons of hay at $6 per ton, and he offset or credited as partial payment upon the claims certain items admitted in the plaintiff's complaint amounting to $554.20. and found a balance in favor of the plaintiff for the sum of $279 and interest thereon. At the time

James L. Price, the deceased, made his second venture in matrimony, he had a daughter, who is the wife of John W. Gallagher, one of the administrators; and his second wife was a widow having two children, one the plaintiff, and the other Mary E. Davis. At the time of the marriage, the plaintiff was about eight years of age, and Mary was about six years of age, and apparently they had in their own right about $979 in money, which Price borrowed, and for which he gave notes, and he entered into an agreement to provide for the children respectively until they came of age for the interest on such money. After they arrived of age, he entered into a settlement, paying to Mary the amount due her in money, and arranged to deed a small piece of land to the plaintiff for $1,000 in settlement of money theretofore borrowed and certain services which had accrued against him in favor of the plaintiff. That settlement took place about November 5, 1876, at the office of J. W. Fenton, Esq.—

HARDIN, P. J.: Because the plaintiff was allowed to recover for his services rendered for the deceased from the 17th of April, 1879,